**HUI LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0629–ag.

United States Court of Appeals, Second Circuit.

Jan. 14, 2009.

---

Oleh R. Tustaniwsky, Brooklyn, NY, for petitioner.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; Daniel Glenn Lonergan, Trial Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for respondent.

Present: SONIA SOTOMAYOR, RICHARD C. WESLEY, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hui Lin, a native and citizen of the People's Republic of China, seeks review of a January 7, 2008 order of the BIA affirming the March 15, 2006 decision of Immigration Judge ("IJ") Noel A. Brennan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Lin*, No. A98 006 742 (B.I.A. Jan. 7, 2008), *aff'g* No. A98 006 742 (Immig. Ct. N.Y. City Mar. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005).[1] We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

The IJ properly denied Lin's CAT claim. In *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005), we held that the mere fact that many Chinese nationals who had illegally departed from China were placed in administrative detention upon being repatriated, and that there were several documented instances of torture in Chinese prisons, was insufficient to compel the conclusion that it was more likely than not that an alien who illegally departed from China would be tortured upon her return. *See also Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). Lin supported his CAT claim with "generalized statements." The IJ relied, in part, on our decision in Mu Xiang Lin, to find that Lin had not met his burden of proof. While Lin argues that the IJ ignored certain information in the Country Profile about the treatment of prisoners in China, he acknowledges that the same document indicates that there are no confirmed cases of abuse of persons returned to China from the United States for illegal entry. Because Lin fails to provide any particularized evidence that he will more likely than not be tortured if returned to China, and the background

---

1. While the BIA addressed arguments with respect to Lin's asylum claim in the first instance, Lin waives any challenge to the agency's denial of his asylum and withholding of removal claims. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Therefore, because the BIA fully adopted the IJ's decision with respect to Lin's CAT claim, we review the IJ's decision. *See, e.g., Chun Gao,* 424 F.3d at 124.

documents that he relies upon do not support that conclusion, the agency's denial of CAT relief was supported by substantial evidence. *See Mu Xiang Lin,* 432 F.3d at 159–60; *Mu–Xing Wang,* 320 F.3d at 143–44.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).